IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

|  |  |
|---|---|
| JOEL BOSH, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| UNIVISION COMMUNICATIONS, INC. | ) |
|  | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Joel Bosh, sues Defendant, Univision Communications, Inc., and alleges:

**Introduction**

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

2. Plaintiff is the registered owner of the copyright set forth on Exhibit A ("*Yo Soy Boricua*" or "Copyrighted Work").

**The Parties**

3. Plaintiff, Joel Bosh, a/k/a Joel Bosch, a/k/a Taino, is an individual residing in Miami-Dade County, Florida. Plaintiff is a citizen of the United States.

4. Defendant, Univision Communications, Inc. ("Univision"), is a Delaware corporation and maintains an office at 9405 NW 41 St., Miami, Florida 33178.

5. Univision may be served with process herein by delivery to its Florida Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

7. This Court has personal jurisdiction over Defendant because: (i) Defendant has caused injury to Plaintiff and his intellectual property in the Southern District of Florida; and (ii) Defendant has engaged in substantial and not isolated business activities in the Southern District of Florida.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because one or more of the Defendant's agents reside or may be found in the Southern District of Florida.

**Factual Background**

A. *Plaintiff is a Well-Known Musician and Author of the Copyrighted Work, "Yo Soy Boricua"*

9. Plaintiff is a well-known professional Latino musician of great skill and acclaim who sometimes uses the moniker and stage name "Taino."

10. Plaintiff is best known for his creation of the international hit single *Yo Soy Boricua, Pa Que Tu Lo Sepas!* (hereinafter "*Yo Soy Boricua*" or the "Copyrighted Work").

11. A true and correct copy of Plaintiff's Certificate of Copyright Registration for the Copyrighted Work is attached hereto as Exhibit A.

12. *Yo Soy Boricua* sold over 1,000,000 copies worldwide. The song and its lyrics resonate with the pride of Puerto Ricans and have become an anthem for Puerto Ricans everywhere. Indeed, Puerto Ricans celebrate their culture and homeland by chanting *Yo Soy Boriqua's* chorus.

13. *Yo Soy Boricua* is regularly played at major sporting events and public gatherings, such as at a professional boxing match of world-champion Felix Tito Trinidad and the Puerto Rican Day Parade in New York City.

14. In 1998, the international restaurant chain Church's Chicken licensed *Yo Soy Boricua* for use in a Puerto Rico advertising campaign featuring the song and its lyrics. This campaign resulted in Church's Chicken achieving its highest Puerto Rico revenues to that point in time.

15. Plaintiff is selective and deliberate in the licensing of his music. Given its popularity, Plaintiff commands significant payment for licensing his signature song, *Yo Soy Boricua*.

   **B.   *Univision Communications, Inc.'s Infringement of the Copyrighted Work***

16. Univision is a television network that distributes Spanish language content, including the television program titled, "Sesame Amigos."

17. Without Plaintiff's permission, Univision created, reproduced, publicly performed, distributed to the public, and publicly displayed a derivative work in the form of a commercial promoting Sesame Amigos, wherein Elmo, the Cookie Monster and two other Sesame Street characters sing the Copyrighted Work ("the Infringing Commercial").

18. Plaintiff possesses a digital copy of the Infringing Commercial and will produce it as part of its 26(a) disclosures.

## Miscellaneous

19. All conditions precedent to bringing this action have occurred or been waived.

20. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Infringement of Copyrights

21. The allegations set forth in paragraphs 1-20, inclusive, are hereby re-alleged as if fully set forth herein.

22. Plaintiff is the owner of the Copyrighted Work.

23. In order to promote Sesame Amigos, Univision created, reproduced, performed, distributed, and displayed a derivative work containing the original constituent elements of Plaintiff's Copyrighted Work.

24. Plaintiff did not permit, consent, or authorize Defendant's creation, reproduction, performance, distribution, and display of a derivative work based on the Copyrighted Work.

25. As a result of the foregoing, Defendant violated Plaintiff's exclusive rights as set forth in 17 U.S.C. §§ 106.

26. Defendant's infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

27. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

(A) Permanently enjoin Defendant from continuing to infringe Plaintiff's exclusive rights under copyright;

(B) Order that Defendant destroy all copies of Plaintiff's Copyrighted Work made in violation of Plaintiff's exclusive rights under copyright that are in Defendant's possession, custody, or control;

(C) Award Plaintiff the actual damages suffered as a result of the infringement and Defendant's profits that are attributable to the infringement, or at Plaintiff's election, statutory damages in the amount of $150,000.00.

(D) Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E) Grant Plaintiff all such other and further relief this Court deems just and proper.

## Demand For Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 28, 2017

Respectfully submitted,

By:   /s/ David F. Tamaroff
David F. Tamaroff, Esq.
Fla. Bar No. 92084
Email: dt@lipscombpartners.com
**Lipscomb & Partners, PLLC**
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131-1506
Telephone: (783) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

5